UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
RICHARD T. MAROTTE,                   :
                                      :
                         Plaintiff,   :     16-CV-8953 (GHW) (OTW)
                                      :
            -against-                 :     **OPINION & ORDER**
                                      :
THE CITY OF NEW YORK, et al.,         :
                                      :
                         Defendants.  :
                                      :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

*Pro Se* Plaintiff Richard T. Marotte brought this action, primarily alleging violations of the Telecommunications Act of 1996, 47 U.S.C. § 151 *et seq.*, against Defendants the City of New York, the New York City Department of Information Technology and Telecommunications (DoITT), Telebeam Communications Corp., and CityBridge LLC. Before me is Plaintiff's motion for reconsideration, filed in accordance with Local Civil Rule 6.3 and Fed. R. Civ. P. 60(b)[1]. (ECF 129).[2] Plaintiff requests that the Court reconsider its February 2, 2019 Report and Recommendation, in which the Court recommended that Judge Woods grant Defendants'

---

[1] It is unclear if a motion for reconsideration is even proper under Fed. R. Civ. P. 60(b), as a report and recommendation is not a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). But as it has been the practice in this district to permit motions for reconsideration of a report and recommendation, the Court will consider the motion. *See, e.g., Lawson v. New York City Bd. of Educ.*, 5-CV-825, 2011 WL 873146, at *1 (S.D.N.Y. Mar. 11, 2011) (Pitman, M.J.); *Ambac Assurance Corp. v. EMC Mortg. Corp.*, 8-CV-9464, 2011 WL 308276, at *1 (S.D.N.Y. Jan. 28, 2011) (Katz, M.J.); *Evans v. New York State Public Service Comm'n*, 99-CV-6018, 2011 WL 111324, at *1 (S.D.N.Y. Feb. 8, 2001) (Ellis, M.J.).
[2] Plaintiff "filed" his motion by emailing the Court on February 25, 2019. As Plaintiff is *pro se*, the Court will treat Plaintiff's improperly filed motion as timely. Plaintiff is directed not to send additional emails to Chambers without prior authorization by the Court.

motions to dismiss. (ECF 121). Because there is no basis for the Court to reconsider the Report and Recommendation, Plaintiff's motion is **DENIED**.

I.      **Applicable Legal Standard**

Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . or (6) any other reason that justifies relief

Fed. R. Civ. P. 60(b). "Rule 60(b) provides 'extraordinary judicial relief' and can be granted 'only upon a showing of exceptional circumstances.'" *Kubicek v. Westchester Cty.*, No. 8-CV-372(ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). This necessarily means that the standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Nor is a motion for reconsideration a time to "advance new facts,

issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, 97-CV-960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal quotation marks omitted).

The decision whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, 10-CV-3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Moreover, "[t]he moving party bears the burden of proof." *Freedom, N.Y., Inc. v. United States*, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

## II. <u>Discussion</u>

Construing Plaintiff's motion for reconsideration as raising the strongest argument that it suggests in light of his *pro se* status, *see, e.g.*, *Olle v. Columbia Univ.*, 332 F. Supp. 2d 599, 607 (S.D.N.Y. 2004), there is no basis upon which to grant reconsideration of the Report and Recommendation. Plaintiff does not base his motion on a cognizable claim of "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), newly discovered evidence, Fed. R. Civ. P. 60(b)(2), or fraud, Fed. R. Civ. P. 60(b)(3). Because Plaintiff has not shown that the Report and Recommendation is "inconsistent with due process of law" or that jurisdiction was lacking, Rule 60(b)(4) is also inapplicable. *See Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006) ("A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." (internal quotation marks omitted)). Furthermore, Rule 60(b)(5)—which permits

3

reconsideration when a "judgment has been satisfied, released or discharged" when "it is based on an earlier judgment that has been reversed or vacated" or "applying it prospectively is no longer equitable"—is plainly inapplicable. *See, e.g.*, *Ross v. Cooper*, 90-CV-304(PGG), 2008 WL 5062727, at *3–4 (S.D.N.Y. Nov. 24, 2008).

Lastly, Plaintiff cannot obtain relief under Rule 60(b)(6)—the catch-all provision that permits reconsideration for "any other reason that justifies relief"—because he has failed to demonstrate "'extraordinary circumstances' or 'extreme hardship.'" *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) ("It is well established, however, that a 'proper case' for Rule 60(b) relief is only one of 'extraordinary circumstances,' or 'extreme hardship.'"). In support of the instant motion, Plaintiff mostly reiterates the same facts and claims that he outlined in his original motion papers, and that the Court considered before issuing the Report and Recommendation. *See Associated Press*, 395 F. Supp. 2d at 19. Plaintiff's restated claims and assertions do not constitute highly convincing evidence of "extraordinary circumstances" or "extreme hardship" that might justify reconsideration. *See Mt. McKinley Ins. Co.*, 2003 WL 2138049, at *2.

Plaintiff's only new allegation in his motion is that the Court erred in denying him leave to amend based only on "pre-motion letters." (Pl.'s Mot. at 3). The Court disagrees. The Court fully considered Plaintiff's arguments in his initial 2-page letter motion, ECF 116, his twelve-page (sixty-six with exhibits) reply to Defendants' opposition, ECF 118, *and* his 4-page (unauthorized) sur-reply, ECF 120.

Accordingly, because Plaintiff has failed to demonstrate any grounds for relief pursuant to Federal Rule of Civil Procedure 60(b), his motion is **DENIED**.

The Clerk of Court is respectfully directed to close the open motion at ECF 129 and to mail a copy of this Opinion and Order to Plaintiff.

**SO ORDERED.**

Dated: February 26, 2019
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge