USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/05/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHARD T. MAROTTE,

                Plaintiff,

-v -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF INFORMATION
TECHNOLOGY AND
TELECOMMUNICATIONS, TELEBEAM
TELECOMMUNICATIONS CORPORATION,
and CITYBRIDGE, LLC,

                Defendants.

----------------------------------------------------------------- X

1:16-cv-8953-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

       On November 17, 2016, Plaintiff Richard T. Marotte filed this action against Defendants the City of New York, New York City Department of Information Technology and Telecommunications, Telebeam Telecommunications Corporation, and CityBridge, LLC. Dkt. No. 1. Plaintiff filed an Amended Complaint on August 4, 2017. Dkt. No. 69. On September 12, 2017, Defendants filed motions to dismiss, along with memorandums of law and supporting materials. Dkt. Nos. 75, 78, and 82. On June 7, 2018, Plaintiff filed a letter motion seeking leave to amend his complaint. Dkt. No. 116. The Court referred those motions to Magistrate Judge Netburn, and they were subsequently reassigned to Magistrate Judge Wang. Dkt. No. 7.

       Judge Wang issued her Report and Recommendation ("R&R") on February 7, 2019, recommending that Defendants' motions to dismiss Plaintiff's Amended Complaint be granted, and that Plaintiff's motion for leave to amend be denied. Dkt. No. 121. The R&R advised that "the parties shall have fourteen (14) days (including weekends and holidays) from service of this Report to file written objections." *Id.* On February 19, 2019, Plaintiff filed a letter motion with this Court

requesting an extension of the time to file his objections to the R&R, stating that he intended to file a motion for reconsideration of the R&R. Dkt. No. 122. The Court denied that request. Dkt. No. 123. On February 25, 2019, Plaintiff filed a motion with this Court requesting an additional 30 days in which to file his objections to the R&R. Dkt. No. 124. The Court again denied Plaintiff's request. Dkt. No. 125. Plaintiff filed his Motion for Reconsideration of Judge Wang's R&R on February 26, 2019. Dkt. No. 129. Judge Wang denied that motion. Dkt. No. 130.

Plaintiff filed a letter motion with this Court on February 28, 2019 requesting that the Court reconsider its order denying Plaintiff an additional 30 days in which to file his objections to the R&R. Dkt. No. 133. The Court denied that request. Dkt. No. 134. However—as stated in that order—in light of the special leniency generally shown to *pro se* litigants regarding procedural matters, *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001), the Court will consider the arguments raised in Plaintiff's Motion for Reconsideration as though they were properly raised objections to the R&R. After reviewing the briefing, the R&R, Plaintiff's Motion for Reconsideration, and the underlying record, I adopt Judge Wang's R&R, grant Defendants' motions to dismiss Plaintiff's Amended Complaint, and deny Plaintiff's motion for leave to amend.

I. **STANDARD OF REVIEW**

District courts may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865-LTS-GWG, 2008 WL 4810043, *1 (S.D.N.Y. Nov. 3, 2008) (citation omitted); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and

recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation omitted).

Objections of parties appearing *pro se* are "generally accorded leniency" and construed to "raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-cv-6527-KMW-DCF, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (citation omitted). However, even *pro se* objections to an R&R "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-cv-5023-LTS-JCF, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citation omitted).

## II. DISCUSSION

### A. Plaintiff lacks standing to challenge the City's public payphone regulations.

Plaintiff's complaint primarily alleges that the City of New York's 2014 public bidding process for a franchise to install communications hotspots on public sidewalks—and the contract between the City and CityBridge LLC which resulted from that public bidding process—violated the Telecommunications Act of 1996. As a threshold issue, Judge Wang found that Plaintiff lacks standing to challenge the City's actions because he cannot demonstrate that he suffered an injury which is "concrete and particularized," and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted). Judge Wang further found that Plaintiff lacks standing because he failed to submit to the City's administrative scheme by submitting a proposal in response to the City's 2014 Request for Proposal and has not shown that it would have been futile for him to try to submit a proposal. *See Jackson-Bey v. Hanslmaier*, 115 F.3d 1091, 1096 (2d Cir. 1997).

In response to Judge Wang's finding that he lacks standing to bring his claims, Plaintiff raises

3

two primary objections. First, he argues—as he did before Judge Wang—that it would in fact have been futile for him to have submitted a response to the City's 2014 Request for Proposal. Motion by Plaintiff Richard T. Marotte for Reconsideration, Dkt. No. 129 at 9. Second, Plaintiff argues that he suffered a concrete and particularized injury because he was barred from competing by the illegal requirements which prevented him from receiving a franchise to operate payphones on public sidewalks in New York City. *Id*.

The Court agrees with Judge Wang's finding that Plaintiff lacks standing to bring his claims. Plaintiff is not currently involved in the payphone business—in fact, he claims to have exited the market in 2002, *see* Amended Complaint, Dkt. No. 69 at ¶ 2—and his alleged injury stems solely from his "intention" to re-enter the market. *Id.* at ¶ 63. The only concrete fact which Plaintiff alleges to support this stated intention is that he has secured one payphone location in a distribution center in Queens. *Id.* at ¶ 10. Defendant's prior participation in the payphone industry and his nebulous allegations that he intends to re-enter the industry are not sufficient to establish standing. *See Lujan*, 504 U.S. at 564 ("[T]the affiants' profession of an 'intent' to return to the places they had visited before . . . is simply not enough. Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." (internal alterations omitted)). The Court therefore adopts Judge Wang's recommendation that it grant Defendants' motions to dismiss Plaintiff's Amended Complaint.

**B. Plaintiff's motion for leave to amend is denied.**

Plaintiff also argues that the R&R erroneously recommended that this Court deny him leave to amend his complaint. Plaintiff first alleges that he was denied an opportunity to file a motion for leave to amend. This claim simply mischaracterizes the record. Plaintiff filed a letter seeking leave to amend on June 7, 2018. Dkt. No. 116. On June 18, 2019, Defendants filed a three-page letter in

opposition to Plaintiff's request for leave to amend.  Dkt. No. 117.  Plaintiff then filed a twelve-page reply to Defendants' opposition.  Dkt. No. 118.  Defendants filed a letter with the court objecting to Plaintiff's unauthorized reply.  Dkt. No. 119.  Plaintiff filed an additional response to that letter.  Dkt. No. 120.  Plaintiff's citation to *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987), is thus inapposite.  Plaintiff has not been prohibited from filing his motion for leave to amend.  Judge Wang simply recommended that his motion be denied.

Second, Plaintiff argues that Judge Wang's finding that his proposed amendment was futile is erroneous.  But—as discussed above—the Court concludes that Plaintiff does not have standing to challenge the City's administrative scheme for the regulation of payphones on public sidewalks.  Even if the Court accepted Plaintiff's position that the bases of his proposed amendment—the FCC's *In the Matter of Restoring Internet Freedom Order*, released January 4, 2018, and the City's newly amended Franchise Agreement with CityBridge—affected the merits of his arguments about the legality of the City's conduct, Plaintiff would still lack standing to challenge the 2014 bidding process or the City's agreements with CityBridge.  Thus, the Court agrees with Judge Wang that Plaintiff's proposed amendments would be futile.  *See, e.g.*, *O'Shea v. P.C. Richard & Son, LLC*, No. 15 CIV. 9069 (KPF), 2017 WL 3327602, at *8 (S.D.N.Y. Aug. 3, 2017) ("Because Plaintiff['s] proposed amendments would be insufficient to confer Article III standing, they are futile and Plaintiff['s] request to amend is denied.").

## III. CONCLUSION

Accordingly, the Court adopts the R&R in its entirety, and, for the reasons set forth therein, Defendants' motions to dismiss, Dkt. Nos. 75, 78, and 82, are granted and Plaintiff's motion for leave to amend, Dkt. No. 116, is denied. The Clerk of Court is directed to close the motions pending at Dkt. Nos. 75, 78, and 82, to enter judgment for Defendants, to close this case, and to mail a copy of this order to Plaintiff by certified mail and by regular, first-class mail.

SO ORDERED.

Dated: March 5, 2019
New York, New York

GREGORY H. WOODS
United States District Judge