USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/23/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD T. MAROTTE,

                         Plaintiff,

-v-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF INFORMATION
TECHNOLOGY AND
TELECOMMUNICATIONS, TELEBEAM
TELECOMMUNICATIONS CORPORATION,
and CITYBRIDGE, LLC,

                         Defendants.
------------------------------------------------------------------X

1:16-cv-8953-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

*Pro se* Plaintiff Richard T. Marotte brought this action against Defendants the City of New York, the New York City Department of Information Technology and Telecommunications (DoITT), Telebeam Communications Corp., and CityBridge LLC. Plaintiff alleges that the City of New York's 2014 public bidding process for a franchise to install communications hotspots on public sidewalks—and the contract between the City and CityBridge LLC which resulted from that public bidding process—violated the Telecommunications Act of 1996.

On February 7, 2019, Magistrate Judge Wang issued a Report and Recommendation ("R&R") recommending that Defendants' motions to dismiss Plaintiff's Amended Complaint be granted, and that Plaintiff's motion for leave to amend be denied. Dkt. No. 121. Plaintiff filed a Motion for Reconsideration of Judge Wang's R&R on February 26, 2019. Dkt. No. 129. Judge Wang denied that motion. Dkt. No. 130. On March 5, 2019, the Court adopted the R&R in its entirety. Dkt. No. 135. On April 4, 2019, Plaintiff filed a motion to vacate the Court's order

adopting the R&R under Federal Rules of Civil Procedure 59(e) and 60(b).  Because Plaintiff has presented no viable basis to vacate the judgment, his motion is DENIED.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party moving for reconsideration of a previous order must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it.  *Bartlett v. Tribeca Lending Corp.*, No. 18-CV-10279 (CM), 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019) (quoting *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009)).  "A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue," *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009), because "reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (internal quotation omitted).  "In this Judicial Circuit the standard for granting a Rule 59(e) motion is strict, and reconsideration will generally be denied."  *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment for one of six reasons:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not linger equitable; or (6) any other reason that justifies relief."  Rule 60(b)(6) is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the

asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Ritchie Capital Mgmt., L.L.C. v. Coventry First LLC*, No. 07CV3494 (DLC), 2016 WL 6952248, at *4 (S.D.N.Y. Nov. 28, 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)).

## II.  DISCUSSION

Plaintiff's motion fails to meet the standards articulated in Rules 59(e) and 60(b). He does not identify any facts or law that the Court overlooked. He does not argue that he falls within any of the provisions described in Rule 60(b)(1)-(5). And he does not point to any extraordinary circumstances or undue hardship that would justify relief from the Court's order. He simply disagrees with the Court's reasoning. That is not a sufficient justification to grant a motion to vacate.

In its order adopting Judge Wang's R&R, the Court agreed with Judge Wang's conclusion that Plaintiff lacks standing to challenge the City's public payphone regulations. This conclusion was based on the reality that Plaintiff did not submit a proposal during the 2014 Request for Proposals that he now challenges and that he exited the payphone market in 2002. Furthermore, the Court found that Plaintiff's mere averment that he intends to re-enter the payphone market—along with his acquisition of a single payphone location in a distribution center in Queens—was not sufficient to establish that he could re-enter the market even if the Court granted the relief he sought.

At best, Plaintiff's motion identifies a single legal authority and a single fact which were not already considered by this Court. However, the case Plaintiff cites to supports his position, *Lamar Advert. of Penn, LLC v. Town of Orchard Park, N.Y.*, No. 01-CV-556A (M), 2008 WL 781865 (W.D.N.Y. Feb. 25, 2008), perfectly accords with Judge Wang's and this Court's analysis. In that case—which involved a challenge to various municipal sign ordinances—the court specifically stated

3

that "[plaintiff] is engaged in the business of outdoor advertising."  *Id.* at *1.  That is exactly the fact that is missing here:  Plaintiff is *not* currently engaged in the public payphone business.

In his reply in support of his motion to vacate, Dkt. No. 148, Plaintiff also submits an email which was allegedly sent on April 17, 2019 by DoITT to TCC Teleplex, a third-party.  That email—which, as Plaintiff acknowledges, simply states that DoITT will not now consider a response to the 2014 RFP because such a response would be untimely—has no bearing on Judge Wang's or this Court's analysis.  The Court's conclusion regarding Plaintiff's lack of standing does not depend on whether Plaintiff can *at this time* submit a response to an RFP.  Instead, it was based on the fact that Plaintiff *did not* submit a proposal under the RFP that he now challenges and that Plaintiff has not suffered any injury as the result of the allegedly illegal conduct he identifies in his complaint.  Plaintiff has failed to demonstrate any grounds for relief under Rules 59(e) and 60(b).

### III.   CONCLUSION

For the reasons stated above, Plaintiff's motion to vacate the Court's March 5, 2019 order is DENIED.  The Clerk of Court is directed to close the motion pending at Dkt. No. 139, and to mail a copy of this order to Plaintiff by certified mail and by regular, first-class mail.

SO ORDERED.

Dated:  May 23, 2019
         New York, New York

_____
GREGORY H. WOODS
United States District Judge